Affirmed and Memorandum Opinion filed November 18, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00944-CR



 

Angelo Keith Clark, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1165047



 

MEMORANDUM  OPINION

 

Appellant Angelo Keith Clark was convicted of
possession of cocaine.  He was sentenced to 25 years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  On appeal
he challenges the legal and factual sufficiency of the evidence to support his
conviction.  We affirm.

On May 1, 2008, Officer Edward Fendia of the Houston
Police Department was dispatched to an address regarding a possible assault. 
The assailant was described as an African-American male driving a blue car in
the parking lot of a hotel.  The dispatcher informed Officer Fendia the
assailant had just assaulted the 911 caller.  When Officer Fendia arrived at
the parking lot, he saw one African-American male standing next to a blue car
in the back section of the parking lot, exactly as the caller had described. 
When Officer Fendia approached the man, later identified as appellant, and
asked to speak with him, appellant became hostile.  Officer Fendia further
testified that appellant’s eyes were glassy, his speech was slurred, and a
strong odor of alcohol emanated from him.  Because appellant showed signs of
intoxication and appeared to be a danger to others, Officer Fendia arrested him
for public intoxication.  After arresting him, Officer Fendia conducted an
inventory search of appellant’s person.  In appellant’s right front pants
pocket, Officer Fendia discovered a clear plastic baggie containing an off-colored
white substance that he suspected to be crack cocaine.  A field test and lab
test later confirmed that the substance was cocaine.

In evaluating the legal sufficiency of the evidence
to support a criminal conviction, we view all evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  The jury is the exclusive judge of
the credibility of the witnesses and of the weight to be given their testimony,
and it is the exclusive province of the jury to reconcile conflicts in the
evidence.  Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  Hence,
we do not reevaluate the weight and credibility of all the evidence or
substitute our judgment for the fact finder’s.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).

With regard to the factual sufficiency of the
evidence, a majority of the judges on the Court of Criminal Appeals recently determined
that “the Jackson v. Virginia legal-sufficiency standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks v. State,
No. PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. October 6, 2010)
(plurality op.); 2010 WL 3894613, at 14 (Cochran, J., concurring)(same
conclusion as plurality).  Therefore, we will review the evidence under the
standard set out in Jackson v. Virginia.

An individual commits the offense of possession of cocaine
if he knowingly or intentionally exercises actual care, custody, control, or
management over cocaine.  See Tex. Health & Safety Code Ann. §§
481.002(38), 481.102(3)(D), & 481.115(a) (West 2010).  The State presented
the testimony of the arresting officer and the Houston Police Department
chemist, and the cocaine was admitted into evidence. The officer testified that
he removed a clear plastic bag from appellant’s right front pants pocket
containing a substance that appeared to be cocaine.  The chemist confirmed that
the substance was indeed cocaine.  On appeal, appellant does not specify how
the evidence is insufficient to support his conviction.  It is rational for a
jury to conclude that an individual is aware of the contents of his pants
pocket, particularly when those contents are in a clear plastic bag.  Viewing
the evidence in the light most favorable to the verdict, we conclude that a
rational jury could have concluded beyond a reasonable doubt that appellant knowingly
possessed cocaine.  Appellant’s issues are overruled.

The judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).